**Opinion issued June 9, 2016**



In The

# Court of Appeals

### For The

# First District of Texas

_____

### NO. 01-15-00114-CV

_____

### CHRISTINA LIVINGSTON, Appellant

### V.

### FEDERAL NATIONAL MORTGAGE ASSOCIATION FANNIE MAE, Appellee

---

### On Appeal from the County Civil Court at Law No. 4
### Harris County, Texas
### Trial Court Case No. 1055552

---

### MEMORANDUM OPINION ON REHEARING[*]

Christina Livingston appeals from the county civil court at law's judgment in

favor of Federal National Mortgage Association Fannie Mae. We affirm.

---

[*]     We grant rehearing, withdraw our opinion and judgment dated September 25, 2015, and issue this opinion in its place.

## Background

Fannie Mae filed a forcible detainer action in justice court against Livingston and other occupants of a property that Fannie Mae had purchased in foreclosure. The justice court rendered a judgment granting Fannie Mae possession of the property. Livingston appealed to the county court, which also rendered a judgment in Fannie Mae's favor. Livingston timely appealed from its judgment to this court, but we dismissed her appeal for want of prosecution after she failed to timely file her brief. Livingston then filed a motion for rehearing accompanied by her appellate brief. We granted rehearing, withdrew our judgment of dismissal, and reinstated her appeal.

Both parties have filed their briefs, and this appeal is now ripe for decision. On appeal, Livingston requests that this court:

(1)     hold unconstitutional Section 24.004 of the Texas Property Code, which confers jurisdiction in forcible detainer actions on justice courts, or otherwise hold that justice courts do not have exclusive jurisdiction over these actions;

(2)     hold that justice courts lack such jurisdiction whenever a defendant in a forcible detainer action has designated the disputed property as her homestead and has filed a suit contesting title to the property in the district court; and

(3)     hold unconstitutional deed-of-trust provisions that reduce borrowers to the status of tenants at sufferance in the event of foreclosure after default on the notes made in connection with a mortgage loan.

2

### *Sosa v. Garcia* **Controls**

Though he makes no mention of it in his briefing in this appeal, Livingston's counsel unsuccessfully asserted the same positions in another recent appeal before this court. *See Sosa v. Garcia*, No. 01-13-01033-CV, 2015 WL 545529, at *1–4 (Tex. App.—Houston [1st Dist.] Feb. 10, 2015, no pet.) (mem. op.) (affirming trial court's judgment in forcible detainer action). In *Sosa*, counsel framed these positions as five issues and characterized them somewhat differently. But comparison of the briefs filed in *Sosa* and this appeal show the summary of argument and argument are the same. Having failed to disclose *Sosa* as adverse binding authority, Livingston's counsel has neither distinguished it nor argued for its modification or reversal. Consistent with our decision in *Sosa*, we overrule Livingston's issues.

### Conclusion

We affirm the county civil court at law's judgment.


Harvey Brown
Justice

Panel consists of Justices Keyes, Brown, and Huddle.